943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bashirahmed M. AMEJI, M.D., Petitioner-Appellant,
v.
Frederic J. COWAN, Attorney General, Commonwealth of
Kentucky, Respondent-Appellee.
 No. 91-5429.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1991.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Bashirahmed M. Ameji appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the Johnson County, Kentucky, Circuit Court in April 1988, Ameji was convicted of bribing a witness and intimidating a witness, and was sentenced to five years imprisonment. Ameji's convictions were affirmed by the Kentucky Court of Appeals on direct appeal and the Kentucky Supreme Court denied a motion for discretionary review.
 
 
 4
 Ameji then filed his habeas petition in the district court alleging that: (1) insufficient evidence supports his convictions; and (2) improper testimony was admitted into evidence at trial. The magistrate judge recommended that the petition be dismissed. The district court adopted the magistrate judge's recommendation and dismissed the petition over Ameji's objections.
 
 
 5
 Upon consideration, we affirm the judgment of the district court because petitioner was not deprived of a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). First, federal courts must accept the statement of facts as provided by the Kentucky Court of Appeals as correct pursuant to 28 U.S.C. § 2254(d) because petitioner does not contend that the statement is erroneous. See Sumner v. Mata, 455 U.S. 591, 591-93 (1982) (per curiam); Smith v. Jago, 888 F.2d 399, 407-08 (6th Cir.1989), cert. denied, 110 S.Ct. 2572 (1990). Viewing the evidence in the light most favorable to the prosecution, see Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985), we conclude that petitioner's convictions are supported by ample evidence, albeit largely circumstantial evidence, under the test enunciated in Jackson v. Virginia, 443 U.S. 307, 313-24 (1979). See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). Further, petitioner's claim that testimony was improperly admitted at trial is simply a question of state law that does not rise to a level of constitutional magnitude. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 6
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation